IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
( Orlando Division)

Case No.: _____

MOHAMMAD ALKISSUANI and
BANAH ABDIN,

    Plaintiffs,

v.

NATIONAL SPECIALTY INSURANCE
COMPANY,

    Defendant.
_____/

Removed from Circuit Court
of Orange County, Florida
Case No: .: 2019-CA-013183-O

## NOTICE OF REMOVAL

    COMES NOW Defendant National Specialty Insurance Company, by and through its undersigned counsel, and hereby gives notice, pursuant to 28 U.S.C. § 1441 *et seq.*, of the removal of this action from the Circuit Court of Orange County, Florida, Case No.: 2019-CA-013183-O, to the United States District Court for the Middle District of Florida (Orlando Division) based on the following:

    1.    On or about October 28, 2019, Plaintiffs filed a Complaint against Defendant in the Circuit Court of Orange County, Florida. That Complaint was served on Defendant on October 30, 2019.

    2.    In their Complaint, Plaintiffs failed to allege that Plaintiffs were domiciled in the State of Florida. *See Exhibit A, Complaint* at ¶ 2.

    3.    Plaintiffs additionally failed to allege a specified amount in controversy, stating only "[t]his is an action for damages which exceed Fifteen Thousand and 00/100 ($15,000.00) Dollars, exclusive of attorney's fees, costs and interest." *See Exhibit A, Complaint* at ¶ 1.

4. Plaintiffs allege that a homeowners' insurance policy, bearing number VUW-HO-567123 (the "Policy"), was issued by Defendant to protect Plaintiffs' property from losses. *See Exhibit A, Complaint* at ¶ 3.

5. Plaintiff further alleges that the Plaintiffs' property was damaged on July 28, 2019. Plaintiff further alleges that the Policy was in full force and effect as of the date of the loss. *See Exhibit A, Complaint* at ¶¶ 2 and 3.

6. Plaintiff alleges that Defendant is in breach of contract because of its "failure to perform under the policy, fully value Plaintiffs' losses and failure to fully pay for all of Plaintiffs' losses." *See Exhibit A, Complaint* at ¶7.

7. Defendant is a Texas corporation having its principal place of business in Bedford, Texas. *See Exhibit E, Composite of Consent Order and Amendment to the Articles of Incorporation and Exhibit F, Foreign Corporation Annual Report*.

8. Plaintiffs, through their Complaint, seek an unenumerated amount of damages, plus interest, resulting from the loss, including court costs and attorneys' fees under Florida Statute § 627.428. *See Exhibit A, Complaint* at the Wherefore Paragraph immediately following ¶ 8.

9. On January 24, 2020, Defendant served each Plaintiff with Requests for Admissions to clarify the amount in controversy and the domicile of Plaintiffs. *See Exhibit B, Composite of Defendant's Request for Admissions to Mohammad Alkissuani and Banah Abdin*.

10. Plaintiffs filed their responses with the Court on February 13, 2020. In their combined responses, Plaintiffs admitted they are domiciled in the State of Florida. However, Plaintiffs denied the amount in controversy exceeds $75,000.00. *See Exhibit C, Plaintiffs' Responses to Defendant's First Request for Admissions*. Accordingly, at that time, as the "amount

in controversy" necessary to justify federal court jurisdiction did not exist, Defendant could not remove the action to federal court.

11.     On June 3, 2020, Plaintiffs' counsel sent undersigned counsel an email containing Plaintiffs' global demand. In that email, counsel advised that Plaintiffs' global demand is $175,000.00. *See Exhibit D, 06-03-2020 Email Correspondence.*

12.     Undersigned counsel contacted Plaintiffs' counsel to confirm that the global demand amount contained in the email was correct, despite previously swearing and affirming in the Requests for Admissions that Plaintiffs were seeking less than $75,000.00. Plaintiffs' counsel confirmed that Plaintiffs were seeking $175,000.00 in damages, attorney's fees, and costs, without any explanation for how the amount in controversy had increased by $100,000.00 in four months.

13.     28 U.S.C. § 1332(a)(1) provides the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different States.

14.     28 U.S.C. § 1332(c)(1) provides in pertinent part a corporation shall be deemed to be a citizen of any state in which it has been incorporated and of the state where it has its principal place of business.

15.     28 U.S.C. § 1441(a) provides in pertinent part any civil action brought in a state court of which the district courts of the United States have original jurisdiction may be removed by the defendant to the district court of the United States for the district and division embracing the place where such action is pending.

16.     Plaintiffs are citizens of the State of Florida. *See Exhibit C, Plaintiffs' Responses to Defendant's First Request for Admissions.*

17.  National Specialty Insurance Company is a corporation which has been, by consent order, domiciled in Texas. *See Exhibit E, Composite of Consent Order and Amendment to the Articles of Incorporation*. National Specialty Insurance Company's principal place of business is 1900 L. Don Dodson Drive, Bedford, Texas. *See Exhibit F, Foreign Corporation Annual Report*. Therefore, National Specialty Insurance Company is a citizen of the State of Texas.

18.  Plaintiffs' new claim for damages, despite their responses to Defendant's First Request for Admissions, concerns an amount in controversy in excess of $75,000.00, inclusive of interests and costs. *See Exhibit D, 06-03-2020 Email Correspondence.*

19.  Based on the foregoing, this matter is subject to the original jurisdiction of the Court under 28 U.S.C. § 1332, and this case may be removed to this Court pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446.

20.  This Notice of Removal is being filed within thirty (30) days of undersigned counsel's receipt of notice, via Plaintiffs' counsel's email and confirmation that the amount in controversy exceeding $75,000.00, said notice was received on June 3, 2020, and said being the initiation of the time period for removal.

21.  A complete copy of all process, pleadings and orders in the Circuit Court of Orange County, Florida, Case No.: 2019-CA-013183-O, as required by 28 U.S.C. § 1446(a) is attached hereto as *Exhibit G,* Index of Record.

22.  In compliance with 28 U.S.C. § 1446(a), counsel for Defendant has also provided a written Notice of Removal to the Circuit Court of Orange County, Florida, a copy of which is attached to this Notice of Removal as *Exhibit H*.

WHEREFORE, Defendant National Specialty Insurance Company respectfully requests that the above-captioned lawsuit be removed to the United States District Court of the Middle District of Florida (Orlando Division).

Date:  June 29, 2020                                    Respectfully submitted,

                                                      By:   /s/ William M. Mims
William M. Mims (Fla. Bar No. 0099567)
ROLFES HENRY CO., LPA
3191 Maguire Boulevard, Suite 160
Orlando, Florida 32803
E:  wmims@rolfeshenry.com
    jamador@rolfeshenry.com

Brian P. Henry (Fla. Bar No. 0089069)
ROLFES HENRY CO., LPA
5577 Broadcast Court
Sarasota, Florida  34240
E:  bhenry@rolfeshenry.com
    srainwater@rolfeshenry.com

*Attorneys for Defendant
National Specialty Insurance Company*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and accurate copy of the foregoing has been served via e-mail on counsel for all parties at the email addresses below or has been served by automatic service by the Court's e-filing system, on this 29th day of June 2020:

Gina Kimmel, Esq.
Morgan & Morgan, P.A.
20 North Orange Avenue, 4th Floor
Orlando, Florida  32801
T:  (407) 420-1414
F:  (407) 245-3414
E:  GKimmel@forthepeople.com
    LGutierrez@forthepeople.com
    LRolon@forthepeople.com

*Attorneys for Plaintiffs*

/s/ William M. Mims
William M. Mims (Fla. Bar No. 0099567)